H. Douglas Owens, 7762
HOLLAND & HART LLP
60 E. South Temple, Suite 2000
Salt Lake City, Utah 84111-1031
Telephone: (801) 799-5800

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| JESUS MORENO, MANUEL RAMIREZ, AND JESUS BARAJAS, ON BEHALF OF THEMSELVES AND OTHER SIMILARLY SITUATED, | ) ) ) ) ) | **ANSWER TO COMPLAINT** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ZITTING BROTHERS CONSTRUCTION, INC., SAMUEL ZITTING, AND JARED ZITTING, | ) ) ) ) | Civil No. 2:08-CV-00995 DAK<br><br>Judge Dale A. Kimball |
| Defendants. | ) ) ) | |

Defendants Zitting Brothers Construction, Inc., Samuel Zitting, and Jared Zitting ("Defendants"), by and through their counsel of record, Holland & Hart LLP, now appear and answer the Complaint of Plaintiffs Jesus Moreno, Manuel Ramirez, and Jesus Barajas ("Plaintiffs") as follows:

    1.    The allegations of paragraph 1 are denied.

    2.    Defendants deny that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

3. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, allegations are denied.

## THE PARTIES

5. Defendants deny that the named Plaintiffs are former employees. Defendants lack information as to whether the written consents are authentic.

6. The allegations of paragraph 6 are denied.

7. The allegations of paragraph 7 are admitted.

8. The allegations of paragraph 8 are admitted.

9. The allegations of paragraph 9 are denied. Jared Zitting may be served at 256 West 100 South, Hurricane, Utah 84737.

10. The allegations of paragraph 10 are denied.

11. The allegations of paragraph 11 are denied.

12. The allegations of paragraph 12 are denied.

13. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, allegations are denied.

14. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, allegations are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are admitted.

17. Defendants admit that Samuel Zitting and Jared Zitting own and operate Zitting Brothers. The remaining allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18. The allegations of the first sentence are admitted. The remaining allegations are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. Defendants incorporate their responses to paragraphs 1-24.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

## PRAYER

Defendants deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim against Defendants upon which relief may be granted.

## Second Affirmative Defense

The Complaint and its purported cause of action are barred in that Defendants' actions were a just and proper exercise of management discretion, undertaken for a fair, honest and legitimate business reason, and regulated by good faith under the circumstances then existing.

## Third Affirmative Defense

Defendants have not breached any duty owed to Plaintiffs.

## Fourth Affirmative Defense

Plaintiffs' claims are barred by the equitable doctrines of estoppel, waiver and/or unclean hands.

## Fifth Affirmative Defense

Plaintiffs' claims are barred by the applicable statutes of limitations.

## Sixth Affirmative Defense

Because the Complaint is couched in broad and conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable. Accordingly, the right to assert additional defenses and amend this answer, if and to the extent that such defenses are applicable, is hereby reserved.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiffs be denied each and every demand and prayer for relief contained in the Complaint, including claims for liquidated or exemplary damages and attorneys' fees and costs;

4. That Defendants be awarded fees and costs, including reasonable attorneys' fees and expert fees, in defense of this action as allowed by law; and

5. For such other and further relief as the Court may deem just and proper.

DATED this 2nd day of April, 2009.

        HOLLAND & HART LLP

        /s/ H. Douglas Owens
        H. Douglas Owens
        Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2009, I electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

David I. Moulton
Bruckner Burch PLLC
1415 Louisiana Street, Suite 2125
Houston, Texas 77002
dmoulton@brucknerburch.com

Paul Tsosie
Tsosie & Hatch, LLC
7864 South Redwood Road
West Jordan, Utah 84088
paul@thlawfirm.com

/s/Lourdes C. Paul
Lourdes C. Paul

4479301_1.DOC